## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATIONAL WHISTLEBLOWER CENTER<br>3238 P Street, NW<br>Washington, DC 20007 | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 17-1464 |
| U.S. DEPARTMENT OF INTERIOR<br>1849 C Street, NW<br>Washington, DC 20240 | ) ) ) ) | |
| U.S. FISH AND WILDLIFE SERVICE<br>5275 Leesburg Pike<br>Falls Church, VA 22041 | ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR INJUNCTIVE RELIEF

1.    This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et

seq., for injunctive relief seeking the expedited processing and release of agency records regarding

the Lacey Act Reward Fund. The records subject to these FOIA requests have been unlawfully

withheld by defendant U.S. Department of the Interior ("DOI") and its component U.S. Fish and

Wildlife Service ("UWFWS").  While DOI and UWFWS have implemented whistleblower reward

programs pursuant to legislation designed to prohibit international wildlife trafficking, to date, very

little information regarding these programs has been made available to the public.  The agencies'

records that are responsive to Plaintiff's FOIA requests seeking information about these

whistleblower reward programs would help to educate the public about the administration of these

public funds and programs.

## JURISDICTION AND VENUE

2.      This Court has both subject matter jurisdiction over this action and personal

jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over

this action pursuant to 28 U.S.C. § 1331.

3.      Venues lies in this district under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

4.      Plaintiff National Whistleblower Center (NWC) is a 501(c)(3) nonprofit organization

and serves to advocate for the improvement of whistleblower-related policies and educate the public

about whistleblower laws. NWC effectively disseminates extensive information concerning

whistleblower law on its routinely updated website. NWC's Global Wildlife Whistleblower Program

was selected as one of four Grand Prize winners and the People's Choice award winner in the 2016

Wildlife Crime Tech Challenge, a peer-reviewed worldwide competition initiated by USAID in

partnership with the National Geographic Society, the Smithsonian Institution, and TRAFFIC.

NWC's Program seeks to educate whistleblowers globally on how the wildlife whistleblower reward

laws work to encourage reports of wildlife trafficking, and inform whistleblowers that they can

potentially qualify for financial rewards when their information contributes to a successful

prosecution. Information regarding how DOI and USFWS have implemented the Lacey Act reward

provisions is central to this effort. NWC's principal place of business is located at 3238 P Street,

NW, Washington, DC 20007.

5.      Defendant Department of Interior (DOI) is part of the executive branch of the

United States government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).  The DOI is

located at 1849 C Street, N.W., Washington, D.C. 20240, and has possession of the records that

Plaintiff seeks.

6.      Defendant U.S. Fish and Wildlife Service (USFWS) is a bureau within the Department of the Interior and is an agency within the meaning of 5 U.S.C. § 552(f)(1). USFWS is located in Washington, D.C. and Falls Church, Virginia, and has possession of the records that Plaintiff seeks.

## FACTUAL ALLEGATIONS

7.      On Saturday, April 1, 2017 NWC submitted a FOIA request to the U.S. Fish and Wildlife Service using the Department of the Interior's online "FOIA Request Form." NWC requested expedited processing of its FOIA request, and asked for the following records:

(i)      Documents regarding the Lacey Act Reward Fund and/or the Lacey Act Reward Account (hereinafter referred to as the "Lacey Act Reward Fund" or "Fund");

(ii)     The official written delegation of authority, for any office that has been empowered to grant a reward under the Lacey Act, 16 U.S.C. § 3375(d), and the Endangered Species Act, 16 U.S.C. § 1540(d); and

(iii)    Any and all records explaining how money allocated to the Lacey Act Reward Fund is spent.

8.      NWC requested expedited processing of the FOIA request described in ¶ 7. The request was in conformance with the requirements for such requests set forth in defendant DOI's regulations, 43 C.F.R. § 2.20. NWC stated that the FOIA request meets the criteria for expedited processing under 43 C.F.R. § 2.20(a)(2) because "there is an urgency to inform the public about an actual or alleged Federal Government activity and the request is made by a person primarily engaged in disseminating information."

9.      In support of NWC's request for expedited processing, NWC noted that, "NWC was a grand prize winner in the Wildlife Crime Tech Challenge, an initiative of USAID in partnership with the National Geographic Society, the Smithsonian Institution, and TRAFFIC. Pursuant to the Challenge, the NWC is engaged in educating public officials, NGOs, whistleblowers, and the public regarding wildlife whistleblower reward laws and is making recommendations for improvements to

3

these laws that will be published." See NWC FOIA Request (April 1, 2017).  NWC's request for

expedited processing further stated:

> The production of these documents is particularly timely because NWC is actively engaged
> in providing information to the Government Accountability Office (GAO) for a
> forthcoming report regarding wildlife whistleblower rewards. The GAO will be drafting their
> report imminently, and it is imperative that NWC be able to provide them with the necessary
> information. It is expected that this GAO report will be widely circulated.

10.     Additionally, NWC explained that the information would be used to educate the

general public on the use of whistleblower reward laws to combat wildlife trafficking and that NWC

has had a longstanding reputation as a publisher, by stating:

> It disseminates information not only through its website, but also through its respected and
> well-used Twitter account, its Facebook page, and its blog. In 2016, the NWC website was
> visited by 125,835 users and had 271,311 pageviews. In addition, NWC has approximately
> 90,000 people on its "action alert" email list (akin to a newsletter), and sends out frequent
> alerts involving whistleblower laws and legislative campaigns.

11.     On Monday, April 3, 2017, NWC submitted the identical expedited FOIA request via

email to Ms. Pam Mozina, Government Information Specialist (FOIA) at USFWS and Mr. Michael

Jenkins, FOIA Coordinator at USFWS.

12.     On Tuesday, April 4, 2017, Mr. Jenkins responded by acknowledging receipt of the

FOIA request and stating that his office would create a FOIA tracking number and would advise of

this tracking number "within the next couple of days."

13.     On Wednesday, April 12, 2017, having received no further response from USFWS,

NWC reached out to Mr. Jenkins again, reiterating the need for expedited processing and asking

when USFWS expected to complete the request. In response, Mr. Jenkins apologized for the delay

and stated he would try to touch base the following day.

14.     On Thursday, April 13, 2017, Mr. Jenkins assigned tracking number FWS-2017-00667

to the FOIA request, and asked whether the requested information could be found in USFWS's

December 2, 2015 final response letter to an earlier FOIA request made by NWC that "included

information about the amount of money placed into the reward fund for FY 2013 thr[ough] 2015." Mr. Jenkins also shared an HTML link to the statutory text of the Lacey Act.

15.     In response, NWC explained that it was in possession of the December 2, 2015 letter, but that this request differed from the prior request because it addressed expenditures out of the Lacey Act Reward Fund, and these questions had not previously been addressed.

16.     In a later email on April 13, 2017, Mr. Jenkins concluded that, "I have some additional questions to ask you regarding your request but I want to get a little bit smarter on this subject first. I will send you another email shortly."

17.     No further email with additional questions from Mr. Jenkins was received.

18.     On April 19, 2017, NWC checked the status of the FOIA request using the Department of the Interior's online FOIA tracking tool, and learned, for the first time, that the request for expedited processing had apparently been denied, as the request was placed in the "normal" processing track. Both the "due date for determination" and "estimated processing completion date" were May 4, 2017.

19.     The USFWS did not inform NWC that expedited processing had been denied nor did the agency notify NWC of its right to appeal the decision on expedited processing as the regulations require. 43 C.F.R. § 2.20(f).

20.     On Monday, May 8, 2017, the DOI's online FOIA tracking tool showed the status of the request as "completed." Both the "due date for determination" and "estimated processing completion date" were still listed as May 4, 2017.

21.     Upon seeing the "completed" status on the DOI FOIA tracker on May 8, 2017, NWC emailed Mr. Jenkins to request the responsive documents.

22.     In a response email sent on May 8, 2017, Mr. Jenkins stated that he did not have any knowledge that the request was complete, but that he would investigate. Mr. Jenkins apologized for

the delay, explaining that USFWS had a tremendous backlog and was working on litigation-related matters.

23.     On May 31, 2017, having received no further information from Mr. Jenkins or anyone else at USFWS or DOI about these requests, NWC filed a FOIA appeal with the DOI Office of the Solicitor FOIA Appeals Office pursuant to the DOI FOIA regulations, 43 C.F.R. § 2.57(a)(8), which allows an appeal to be filed when DOI has denied or is late in responding to a request for expedited processing made under the procedures in 43 C.F.R. § 2.20. The appeal complied with all requirements of 43 C.F.R. § 2.59(b)(1) and included all correspondence between NWC and the bureau.

24.     To date, NWC has received no communication regarding the FOIA appeal, nor has NWC heard from Mr. Jenkins or anyone else at USFWS or DOI.

25.     More than twenty working days have passed since Plaintiff submitted its May 31, 2017 administrative appeal to DOI. Plaintiff has received no response to its administrative appeal nor has Plaintiff received any further response from Mr. Jenkins or any other FWS representative.

26.     Plaintiff has therefore exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

## **FIRST CAUSE OF ACTION**

### **(Denial of Expedited Processing of NWC's FOIA Requests)**

27.     Plaintiff repeats, realleges, and incorporates the allegations in Paragraphs 1 through 26, inclusive, as though fully set forth herein.

28.     To date, Defendants have denied, and/or constructively denied, Plaintiff's access to records that it has requested through the above-referenced FOIA requests, and Plaintiff's requests for expedited processing of these FOIA requests.

29.     Plaintiff has exhausted all administrative remedies pursuant to the FOIA statute related to its FOIA requests, requests for expedited processing and Plaintiff's administrative appeals related to the denial of these requests.

30.     Defendants' failure to expedite the processing of Plaintiff's requests and Plaintiff's appeal violates FOIA, 5 U.S.C. § 552(a)(6)(E), and DOI's own regulations promulgated thereunder.

31.     Plaintiff has a right to expedited processing of its FOIA requests and a statutory right to the records that it seeks.  There is no legal basis for Defendants' refusal to grant Plaintiff's requests for expedited processing.

32.     Defendants should be ordered to expedite the processing of Plaintiff's FOIA requests.

## SECOND CAUSE OF ACTION

### (Denial of Access to Records)

33.     Plaintiff repeats, realleges, and incorporates the allegations in Paragraphs 1 through 32, inclusive, as though fully set forth herein.

34.     To date, Defendants have denied, and/or constructively denied, Plaintiff's access to records it has request through the above-referenced FOIA requests.

35.     Plaintiff has exhausted all administrative remedies pursuant to the FOIA and the agency's implementing regulations related to the above-referenced FOIA requests and administrative appeals.

36.     Defendant's failure to release the records requested by Plaintiff violates FOIA, 5 U.S.C. § 552(a)(3)(A), and DOI's own regulations promulgated thereunder.

37.     Defendant's failure to timely respond to Plaintiff's request violates FOIA, 5 U.S.C. § 552(a)(6)(A)(i), and DOI's own

38.     Defendant's failure to timely respond to Plaintiff's administrative appeal violates FOIA, 5 U.S.C. § 552(a)(6)(A)(ii), and DOI's own regulations promulgated thereunder.

39.     Plaintiff has a statutory right to the records that it seeks, and there is no legal basis for Defendants' refusal to release those records.

40.     Defendants should be enjoined from withholding the records that are responsive to the Plaintiff's FOIA requests and the the records responsive to these requests are not exempt from disclosure.

41.     Defendants should be ordered to release the records responsive to Plaintiff's FOIA requests.

42.     Plaintiff also has a statutory right to a waiver of fees pursuant to FOIA.

43.     Defendants should be ordered to grant Plaintiff a waiver of all fees under FOIA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

A.     Declare that Defendants' refusal to release the records requested by Plaintiff under the FOIA statute is unlawful;

B.     Enter an injunction requiring Defendants to make a full, adequate, and expedited processing and release of the requested records;

C.     Order Defendants to expedite processing of the Plaintiff's FOIA requests and to release the requested records in their entirety and make copies available to Plaintiff;

D.     Order preliminary and permanent injunctive relief as appropriate;

E.     Expedite consideration of this Complaint pursuant to 28 U.S.C. § 1657;

F.     Award Plaintiff its costs and reasonable attorney's fees in this action; and

G.     Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Stephen M. Kohn
_____
Stephen M. Kohn
D.C. Bar # 411513
Kohn, Kohn & Colapinto, LLP
3233 P Street, NW
Washington, DC 20007
Email: sk@kkc.com
Phone: 202-342-6980
Fax: 202-342-6984

/s/ David K. Colapinto
_____
David K. Colapinto
D.C. Bar # 416390
Kohn, Kohn & Colapinto, LLP
3233 P Street, NW
Washington, DC 20007
Email: dc@kkc.com
Phone: 202-759-0176
Fax: 202-342-6984

Rebecca A. Guiterman (*admission pending*)
D.C. Bar # 1033141
National Whistleblower Legal Defense & Education
    Fund
3238 P Street, NW
Washington, DC 20007
Email: rg@whistleblowers.org
Phone: 202-448-2980

*Attorneys for Plaintiff*

Dated:  July 24, 2017